IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02547-CMA-MEH

VIKING INSURANCE COMPANY OF WISCONSIN, a Wisconsin corporation,

 Plaintiff,

v.

JODY MORRIS, an individual,
HEATHER PARMLEY, an individual,
JENNIFER MORSE, an individual, and
CINDY CAROTHERS, an individual,

 Defendants.

## ORDER GRANTING MOTION TO DISMISS

This is an insurance coverage declaratory judgment action. The matter is before the Court on Defendant Morris's "Motion to Dismiss for Lack of Subject Matter Jurisdiction." (Doc. # 25.) For the following reasons, the Court GRANTS Morris's motion.

### I. BACKGROUND

On October 28, 2009, Plaintiff Viking Insurance Company of Wisconsin filed a complaint seeking declaratory relief under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201(a). (Doc. # 1.) Viking seeks a declaration that, under the terms of an automobile policy it issued to Morris, it owes neither defense or indemnity nor uninsured or underinsured motorist ("UM/UIM") benefits to any of the parties. (Doc. # 30 at 1.)

Viking filed its complaint after a motorcycle accident involving all the Defendants. Morris was driving Defendant Morse's motorcycle with Defendant Parmley as a passenger. A wreck ensued involving another vehicle driven by Defendant Carothers. As described in the complaint:

> While Defendant Morris was driving the motorcycle, a 1994 Chevrolet Beretta, owned and operated by [Defendant] Cindy Carothers, swerved into Morris's lane, forcing Morris and Parmley from the roadway. Morris and Parmley sustained injuries in the resulting crash. Upon information and belief, Defendant Carothers' vehicle was damaged in the collision.

(Doc. # 1, ¶ 10.) Viking asserts that jurisdiction is proper under 28 U.S.C. § 1332(a).

Morris is not so sure. On February 16, 2010, he filed the at-issue motion, arguing the Court lacks subject matter jurisdiction because: (1) the amount in controversy is less than $75,000, exclusive of interest and costs, thereby foreclosing jurisdiction under 28 U.S.C. § 1332(a), and (2) the case lacks an "actual controversy", as required by Article III of the United States Constitution.[1] U.S. Const. art. III, § 2.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has subject-matter jurisdiction to properly hear the case before it. It may take one of two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the Complaint

---

[1] Regardless of Defendant's motion, the Court has an independent duty, in light of the limited subject matter jurisdiction granted to the federal courts by Congress, to satisfy itself that jurisdiction is appropriate. *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1882 (10th Cir. 2000).

as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.* at 1003.

### III.  ANALYSIS

**A.     ACTUAL CONTROVERSY**

Morris argues that Viking's allegations fail to establish the existence of a definite and concrete controversy.  (Doc. # 25, ¶ 7.)  His argument proceeds, however, from the premise that Colorado law applies to the question whether the Court has jurisdiction in this declaratory action.  (Doc. # 31, ¶ 2.)  That is not so.  The Declaratory Judgment Act "does not create substantive rights for parties; it merely provides another **procedure** whereby parties may obtain judicial relief."  *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (emphasis added)).  The Court is faced, then, with a procedural question rather than a question of substantive rights.  Accordingly, federal law, not Colorado law, guides the Court's analysis whether there exists an actual controversy.[2]

The Declaratory Judgment Act (the "Act") states in part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ."

---

[2]  Colorado law, as the law of the forum state in which this Court sits, would govern substantive issues.  *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978).

3

28 U.S.C. § 2201(a).[3]  The Tenth Circuit, following the Supreme Court, has developed a test from that language:  "the test is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[4]  In the insurance context, the existence of a legal dispute is established when the parties disagree as to the terms, rights, or obligations of the insurance policy.  *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273-1275 (10th Cir. 1989) (insurer's rights and obligations to insured constitute actual controversy sufficient to support claim for declaratory relief); *see also, e.g., Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) ("[d]eclaratory judgment actions are seen as useful in actions wherein insurance companies seek to have their liability declared.").

It is undisputed that the underlying accident involved Morris operating a motorcycle.  (Doc. # 29 at 4, ¶ 3.)  Viking asserts that the policy it issued to Morris does not cover liability arising from the use, maintenance, or operation of a motorcycle.  (Doc. # 1, ¶ 9.)  Morris does not dispute this assertion.  He instead argues that Viking should be precluded from bringing this action because there is no underlying lawsuit,

---

[3]  "[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

[4]  *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Maryland Casualty Co. v. Pacific Oil & Coal Co.*, 312 U.S. 270, 273 (1941)).

no judgment, and because not all of the Defendants are insured by Viking. (Doc. # 31, ¶¶ 4, 5.)

Defendant Parmley, the passenger on the motorcycle, concedes in her answer that she has a bodily injury liability claim against Morris. (Doc. # 1, ¶ 12; Doc. # 21, ¶ 12.) She has also asserted a counterclaim in this action against Viking for UM/UIM benefits. Both claims hinge upon the determination of whether insurance coverage is available under the policy. Given that Viking is denying coverage, the Court finds that these parties have "adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[5]

Thus, there exists an "actual controversy" regarding insurance coverage. The requirements of the Constitution, then, and the Act, are satisfied. But Morris also argues that the amount in controversy is insufficient, *i.e.*, that diversity jurisdiction cannot be satisfied.

**B.  AMOUNT IN CONTROVERSY**

"The declaratory relief statute, 28 U.S.C. § 2201, is not a jurisdictional statute. One seeking relief under the statute must establish a separate and independent basis of jurisdiction[.]" *Schulke v. United States*, 544 F.2d 453, 455 (10th Cir. 1976). Plaintiff asserts jurisdiction is proper under 28 U.S.C. § 1332(a), which provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter

---

[5]  *Id.* at 1273-1275.

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

Diversity of citizenship is undisputed – Viking is a resident of Wisconsin and the Defendants of Colorado. (Doc. # 1, ¶¶ 1-5.) The question is whether the amount in controversy exceeds the sum or value of $75,000.

"[W]hen deciding whether the amount in controversy is adequate, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. In other words, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1988) (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (internal citation and quotation marks omitted)).

> A plaintiff's allegations in the complaint alone can be sufficient to make this showing. Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor.

*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (citation and quotation marks omitted).

Viking avers in its complaint that the case involves "potential bodily injury claims in excess of $75,000, and potential insurance coverage of $75,000." (Doc. # 1, ¶ 6.) If this is a facial attack, then, the Court, taking Viking's allegation as true, must deny Defendant's motion. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

6

But based on the nature of Morris's arguments, the Court infers that he is factually attacking Viking's basis for subject matter jurisdiction. "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. Nevertheless, because Morris's contentions regarding the policy limits are consistent with Viking's, the Court can resolve the motion without resort to outside materials.

Morris argues that the amount in controversy is only $50,000. He gets this figure by acknowledging Parmley's claim but arguing the most she could recover is $50,000. He cites the policy's limit of $50,000 recoverable per person per accident in support: $25,000 for liability coverage plus $25,000 for UM/UIM coverage. Because only Parmley has asserted a claim, he argues, only $50,000 is in controversy. (Doc. # 25, ¶ 7; Doc. # 21, ¶ 6.)

As to the other Defendants, Morris dismisses as "remote and speculative" the possibility they will file claims. (*Id.*) Their roles in the accident suggest otherwise. One is the driver of the other vehicle, whose car was damaged in the accident, another is the owner of the motorcycle, which might have been damaged, and the last, of course, is the driver of the motorcycle, i.e., Morris himself, who was injured in the accident.

Defendant Carothers, the driver of the other vehicle, answered the complaint by stating that she "does not waive any applicable claims or affirmative defenses that may be associated with any subsequent action(s) that may be brought for injury or damages related to the underlying motor vehicle accident once a judicial determination is made

7

regarding the respective rights and duties of the parties." (Doc. # 22, ¶ 5.) Rather apart from "remote and speculative," this assertion implies the real possibility of a forthcoming lawsuit or other action.

If Carothers or any other defendant takes action, Plaintiff could be facing a potential outlay of $100,000—$50,000 in UM/UIM coverage per accident and $50,000 in liability, or indemnity, coverage per accident. (Doc. # 30 at 3-4.) The question becomes, then, whether this potential exposure of $100,000 qualifies for purposes of satisfying the requisite amount in controversy. It would seem so, but only if one assumes that Viking can aggregate multiple parties' claims for purposes of satisfying the amount in controversy. On this point, Viking is silent. The case law is more vocal.

Separate and distinct claims cannot be aggregated for amount in controversy purposes unless they share a common and undivided interest.[6] This principle applies equally in declaratory judgment actions. *See Century Ins. Co. v. Mooney*, 241 F.2d 910, 912 (10th Cir. 1957). So, if another Defendant joins Parmley and asserts a claim against Viking, would the two claims share a common and undivided interest? The Court is unsure. And Viking, the party asserting jurisdiction and thus with the burden to show it,[7] ignores the question. Viking would instead have the Court assume that

---

[6] *See Troy Bank of Troy, Ind., v. G.A. Whitehead & Co.*, 222 U.S. 39, 40-41 (1911); *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006); *Gallagher v. Continental Ins. Co.*, 502 F.2d 827, 831 (10th Cir. 1974); *see also, e.g., Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778 (5th Cir. 1963).

[7] *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003)

8

aggregating Defendants' potential claims to satisfy the requisite amount in controversy is permissible. The Court, unpersuaded, rejects this assumption.

Viking, however, is not done. It also avers that – as to any one claimant – the policy limits regarding liability coverage relate solely to indemnity payments. They do not limit defense costs. Thus, if Morris is covered by the policy, Viking would be obligated to provide him both defense and indemnity. It is possible, Viking asserts, that it could expend over $25,000 in defense costs. This additional amount would bring Plaintiff's potential outlay to over $75,000 – $50,000 for UM/UIM and liability coverage for one claimant and $25,000 + in defense costs. Although Defendants ignore it, the Court – fulfilling its independent duty to assure itself that jurisdiction is proper[8] – observes a problem with Viking's position. Section 1332(a), on which Viking relies for jurisdiction, expressly excludes "interest and costs" in determining the amount in controversy. 28 U.S. C. §1332(a); *Farmers Ins. Co., Inc. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979). Thus, the hypothetical $25,001 in defense costs Viking cites will not be considered by this Court.[9]

---

[8] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-1271 (10th Cir. 1988) ("[i]nsofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings.") (quoting *Tafoya v. United States Department of Justice*, 748 F.2d 1389, 1390 (10th Cir.1984)).

[9] Costs can sometimes be considered in determining the amount in controversy. *See Farmers Ins. Co., Inc. v. McClain*, 603 F.2d 821 (10th Cir 1979). The costs considered in *McClain*, however, were ones to be incurred in a pending state action, not a federal one. *Id.* at 823. Here, Viking frames its argument in terms of this action, in federal court; there is no pending state action. (*See* Doc. # 30 at 5, "it is not even possible for Viking to provide evidence of the likely cost at this stage of the litigation, since no disclosures have been made and since

9

Finally, Viking argues that, because it is denying that it owes coverage, Morris or Parmley, or both, may sue Viking for bad faith. If either of these prospective suits becomes reality, Viking argues, each would meet the jurisdictional requirement by itself. On this point, Viking is correct. Colorado statutory law allows first-party claimants[10] to recover two times the covered benefit, plus reasonable attorneys' fees, for an insurer's unreasonable denial of a claim. Colo. Rev. Stat. § 10-3-1116(1).

This argument assumes, however, that these hypothetical bad faith claims constitute "actual controversies" for jurisdictional purposes. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The Court earlier found that there is an actual controversy regarding insurance coverage. However, it is another question to ask whether there exists an actual controversy regarding a hypothetical bad faith claim. Whereas Parmley has already asserted claims for benefits under the policy – thus

---

no discovery has been conducted.".) The *McClain* court, following the language of the diversity statute, expressly excluded from its consideration costs incurred in the federal diversity action. *McClain*, 603 F.2d at 823 ("in determining whether the matter in controversy between citizens of different states exceeds $10,000, possible interest or costs that might be allowed in connection with the federal action should not be considered.") Moreover, the *McClain* plaintiff needed only a trivial amount – one dollar – to satisfy the requisite amount in controversy—taking a dispute over a $10,000 policy and squaring it with the diversity jurisdiction statute, which at the time required a sum or value *exceeding* $10,000. In contrast, Viking needs over $25,000 to satisfy the jurisdictional threshold, an amount not so easily dismissed as one dollar. In any event, the parties ignore this issue. But Viking, as the party asserting the Court's jurisdiction, has the burden to prove it. With respect to its "costs" argument, it has failed to satisfy that burden.

[10] The term "first-party claimant" includes "an individual . . . asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy." C.R.S. § 10-3-1115(1)(b)(I). It does not include a person asserting a claim against an insured under a liability policy. C.R.S. § 10-3-1115(1)(b)(II)(B).

supporting the notion that there exists a controversy regarding coverage – it is undisputed that no Defendant has filed a civil action against Viking alleging bad faith.

As mentioned, Viking, as the party asserting the Court's jurisdiction, has the burden to show it. *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). Viking devotes all of one paragraph to its "bad faith" argument and cites no case law in support. (Doc. # 30 at 5.) Given the Court's independent duty to satisfy itself that it can exercise jurisdiction,[11] and given Viking's lackluster attempt to show the Court it can, the Court finds that with respect to the hypothetical bad faith claims, there is not a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Maryland Casualty Co. v. Pacific Oil & Coal Co.*, 312 U.S. 270, 273 (1941)).

Accordingly, because the amount in controversy regarding insurance coverage is insufficient and because there is no controversy regarding a bad faith claim, the Court must deny jurisdiction.

---

[11] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-1271 (10th Cir. 1988)

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Morris's "Motion to Dismiss for lack of Subject Matter Jurisdiction" (Doc. # 25). It is

FURTHER ORDERED that the Complaint and this civil action are DISMISSED WITH PREJUDICE.

DATED: April 22, 2010

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge